
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 11-10204 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 4:09-cr-00337-CW-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| DANIEL LAWRENCE MCCOY, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted July 17, 2012[**]
San Francisco, California

Before:    FERNANDEZ, PAEZ, and WATFORD, Circuit Judges.

Daniel Lawrence McCoy appeals his conviction and sentence for possession

of cocaine base with intent to distribute and for felon in possession of a firearm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

See 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii); 18 U.S.C. § 922(g)(1).  We affirm in part and vacate and remand in part.

(1)    The district court did not err[1] when, based on the evidence in the record, it was persuaded[2] that the officer had probable cause[3] to stop McCoy's automobile for a brake light violation.[4]

(2)    The prosecutor sought and obtained a superseding indictment before trial, though after McCoy filed a motion to suppress evidence.  The superseding indictment added the charge of possession with intent to distribute cocaine base on February 3, 2009, to the already charged offense relating to a February 28, 2009, incident.  The mere adding of the new charge at that stage of the proceedings did not give rise to an appearance of vindictiveness.  See United States v. Kent, 649 F.3d 906, 912–13 (9th Cir.) cert. denied, __ U.S. __, 132 S. Ct. 355, 181 L. Ed. 2d 224 (2011); United States v. Gamez-Orduno, 235 F.3d 453, 463 (9th Cir. 2000);

---

[1]See United States v. Ewing, 638 F.3d 1226, 1229 (9th Cir. 2011); see also Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573–74, 105 S. Ct. 1504, 1511, 84 L. Ed. 2d 518 (1985); United States v. Stanley, 653 F.3d 946, 952 (9th Cir. 2011).

[2]See United States v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001); United States v. Marshall, 488 F.2d 1169, 1186 (9th Cir. 1973).

[3]See Whren v. United States, 517 U.S. 806, 809–10, 116 S. Ct. 1769, 1772, 135 L. Ed. 2d 89 (1996).

[4]See Cal. Veh. Code § 24252(a).

United States v. Noushfar, 78 F.3d 1442, 1446 (9th Cir. 1996).  Nor was vindictiveness otherwise shown.

(3)     The district court did not abuse its discretion when it allowed the government to rescind its mistakenly exercised last peremptory challenge and to replace it with a different peremptory challenge, but also granted relief to McCoy in order to avoid any unfairness to him.  See United States v. Warren, 25 F.3d 890, 894 (9th Cir. 1994).  Nor has McCoy pointed to any prejudice that resulted from the district court's handling of the unusual situation it faced.  See Rivera v. Illinois, 556 U.S. 148, 160–61, 129 S. Ct. 1446, 1455, 173 L. Ed. 2d 320 (2009); United States v. Martinez-Salazar, 528 U.S. 304, 316–17, 120 S. Ct. 774, 782, 145 L. Ed. 2d 792 (2000); United States v. Lindsey, 634 F.3d 541, 550 (9th Cir.), cert. denied, __ U.S. __, 131 S. Ct. 2475, 179 L. Ed. 2d 1232 (2011); United States v. Springfield, 829 F.2d 860, 863–64 (9th Cir. 1987).

(4)     The evidence was sufficient to support the jury's decision that McCoy knowingly possessed cocaine base with intent to distribute it.  See United States v. Magallon-Jimenez, 219 F.3d 1109, 1112 (9th Cir. 2000); see also United States v. Lopez, 477 F.3d 1110, 1113–14 (9th Cir. 2007); United States v. Ramirez, 608 F.2d 1261, 1264 (9th Cir. 1979).  He asserts that the evidence would allow for an inference that he merely knowingly possessed the cocaine base.  Perhaps so, but

3

that is not the test for sufficiency.  See United States v. Nevils, 598 F.3d 1158, 1161, 1164–65 (9th Cir. 2010) (en banc).

(5)     McCoy argues that the district court was required to instruct the jury that it must unanimously agree on the particular felony that was an element of the felon in possession charge against him.  Assuming, without deciding, that a unanimity instruction was required, suffice it to say that the record shows that the district court did give a unanimity instruction.

(6)     McCoy next asserts that even though he committed his possession with intent to distribute offense before the enactment of the Fair Sentencing Act[5] on August 3, 2010, the Act applies to him because he was sentenced after that date. We agree.  See Dorsey v. United States, 567 U.S. __, 132 S. Ct. 2321, __ L. Ed. 2d __, Nos. 11-5683 and 11-5721, slip op. at 1–2 (June 21, 2012).  Thus, we vacate McCoy's sentence and remand for resentencing.

(7)     McCoy finally argues that the district court erred when it enhanced his offense level for possession of cocaine base with intent to distribute by two levels on the basis that he possessed a firearm during the commission of that offense on February 3, 2009.  See USSG §2D1.1(b)(1) (Nov. 2010); see also id. at comment. (n.3).  He did not raise this issue at the district court, and we will not opine on his

---

[5]Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010).

4

argument.  See United States v. Crandall, 525 F.3d 907, 915 n.9 (9th Cir. 2008).

We leave it to the district court to consider that argument in the first instance.

McCoy's conviction is AFFIRMED; his sentence is VACATED and

REMANDED for further proceedings.